996 F.2d 1235
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Parlen L. MCKENNA, Petitioner,
v.
DEPARTMENT OF THE INTERIOR, Respondent.
 No. 92-3520.
 United States Court of Appeals, Federal Circuit.
 May 4, 1993.
 
 Before ARCHER, MICHEL and PLAGER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Parlen L. McKenna seeks review of the November 6, 1991, decision of the Administrative Law Judge (ALJ), Docket No. DC0351910457I1, which became final on June 23, 1992, when the full Merit Systems Protection Board (MSPB or Board) denied review. The ALJ upheld McKenna's separation from the Department of the Interior (DOI) through a reduction-in-force (RIF) procedure which eliminated his position of Chief Administrative Law Judge (CALJ). Because the ALJ's finding that the RIF was implemented for a bona fide reason, i.e., reorganization, was supported by substantial evidence, we affirm.
 
 DISCUSSION
 
 2
 Under 5 C.F.R. § 351.201(a)(2) (1991), reorganization is an authorized basis for a RIF. A RIF based upon a reorganization is defined as the "planned elimination, addition, or redistribution of functions or duties in an organization." 5 C.F.R. § 351.203 (1991). The decision to undertake a reorganization necessitating a RIF is within the discretion of the agency. Keener v. United States, 165 Ct.Cl. 334, 341 (1964). The agency decision will be upheld by the court if the agency demonstrates that the reorganization was undertaken for a bona fide reason. Gandola v. Federal Trade Comm'n, 773 F.2d 308, 313 (Fed.Cir.1985). Where a nonfrivolous challenge is made as to the bona fides of the reason for a RIF, however, the Board will review the agency decision to determine whether it was undertaken in bad faith or for personal motives. Id. at 312.
 
 
 3
 McKenna argues that the agency's reorganization in this case was merely a pretext for his summary removal and therefore was invalid. According to McKenna, the RIF was initiated by Judge Lynn and advanced by Acting Director Byrnes because they harbored personal animosity towards him.
 
 
 4
 In his decision, the ALJ found that Judge Lynn and Acting Director Byrnes did harbor animosity towards McKenna. The ALJ noted, however, that this animosity did not itself invalidate the RIF because those individuals did not have authority to carry it out. McKenna has not even alleged that Mr. Kay or Secretary Lujan, who exercised actual authority to implement the RIF, harbored any personal animosity towards him.
 
 
 5
 McKenna argues, nonetheless, that the animosity of Lynn and Byrnes tainted the agency's ultimate decision to implement the RIF. McKenna relies on Sullivan v. Navy, 720 F.2d 1266, 1276 (Fed.Cir.1983), for the proposition that if the animus of an agency official sets a removal decision in motion, the taint is not cured simply because the deciding official harbored no such animus. McKenna also cites Jiles v. Ingram, 944 F.2d 409 (8th Cir.1991), where the court found intentional discrimination based upon a showing that lesser officials set in motion events that led to the employee's removal, even though the actual deciding officials did not act from a discriminatory motive. Finally, McKenna analogizes the present case to Chiu v. United States, 948 F.2d 711, 716 (Fed.Cir.1991), where this court ruled that a RIF was not substantially justified, "where the officials who were ultimately responsible did no more than rubber stamp a facially proper recommendation" which was actually made for an improper and personal reason.
 
 
 6
 These cases are distinguishable, however, because in them no independent basis existed for the adverse action taken by the non-biased decisionmaker. In addition, two of them did not involve a RIF. And in Chiu, there was no bona fide basis to conduct a RIF. Where there is, the agency decision is not invalidated by personal animus of a subordinate. Keener, 165 Ct.Cl. at 341 ("We do not believe that the possible 'taint' of a lower-level purpose, which acknowledged that the reorganization would also relieve the subsidiary problem of a conflict between two subordinates, should invalidate the Administrator's otherwise lawful decision."). Keener is binding precedent. South Corp. v. United States, 690 F.2d 1368, 1370-71 (Fed.Cir.1982).
 
 
 7
 In this case, the ALJ found that the agency had an independent, bona fide basis for the reorganization. This finding is supported by the Blue Ribbon Committee (BRC) report. The BRC report questioned the need for a CALJ because after the Indian Probate Judges attained Administrative Procedure Act status there was a vast decrease of the administrative workload of the CALJ and because the few remaining administrative tasks of the CALJ could be effectively performed from the Director's office.
 
 
 8
 The ALJ also found that Byrnes himself had an independent, bona fide basis for recommending the RIF. Byrnes testified that in making his recommendation, he relied on reasons stated in the BRC report as well as the fact of lengthy periods during which the CALJ position had remained vacant without operations thereby being impeded.
 
 
 9
 Moreover, substantial evidence shows that Byrnes' superiors, Mr. Kay and Secretary Lujan, did not merely rubber stamp Byrnes' recommendation to adopt the reorganization suggested in the BRC final report. Rather, they independently concluded that the BRC final report was sound and Secretary Lujan wrote that the report "recommendations will result in increased management efficiencies and productivity in the Office." Accordingly, Lujan directed that the recommendations of the BRC final report, including the RIF, be carried out.
 
 
 10
 Based on the foregoing, the ALJ found that the agency met its burden of showing that it properly invoked the RIF for the bona fide reason of reorganization. This finding is supported by substantial evidence.
 
 
 11
 We have considered McKenna's other arguments and find them to be without merit.